Dear Mr. Wilson:
Your letter of inquiry has been directed to me for research and response. You have asked the following four questions:
 1. "Is a justice of the peace required to resign in order to run for tax assessor or could he take a leave of absence?"
 2. "If the justice of the peace is working under the authorization of the coroner, does this engagement stop if the justice of the peace should resign or take a leave of absence?"
 3. If the justice of the peace resigns to run for another political office and loose, can he qualify to run for justice of the peace in the special election?"
 4. "Should it be necessary for the J. P. to resign in order to be eligible to run for other public office, when should the resignation be tendered?"
We are not aware of any statutory requirement which would require a justice of the peace to resign that office prior to seeking another elective office. However, as I am sure you are aware, justices of the peace are subject to the Code of Judicial Conduct. Cannon 7, Subsection(A)(3), reads as follows:
 ". . . a judge should resign his office when he becomes a candidate either in a party primary or in a general election for a non-judicial office. . . ."
Therefore it would appear that under the Code of Judicial Conduct a justice of the peace would have to resign that position as soon as he became a candidate for another office. We note, however, that the language of Cannon 7, Sub-part(A)(3) contains the word "should" rather than the word "shall" or the word "must". While the word "should" is a discretionary term rather than a mandatory term, we cannot say that the Judiciary Commission would not interpret the language of the Cannon, as meaning a judge "must" resign his office when he becomes a candidate for another elected position. Since the rendering of opinions on the Judicial Code of Conduct is generally the responsibility of the Judiciary Commission, we must decline to render an opinion interpreting Cannon 7 of the Code of Judicial Conduct.
Since justices of the peace are clearly subject to the Code of Judicial Conduct, and since there is a good chance that the Judiciary Commission is likely to interpret the language of Cannon 7 as being mandatory, we strongly recommend that you write to the Judiciary Commission for an opinion resolving this matter. You can write to the Judiciary Commission in care of Mr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue, Room 109, New Orleans, La. 70112.
I would be most grateful if, when you have received a reply from the Judiciary Commission, you would advise me of their decision, so that I might share this information with other justices of the peace who are contemplating seeking other elective offices.
I am afraid that your second question does not provide us with enough information, about the specific work you are doing for the coroner, to enable us to render an opinion on the specific work in question. However, if I may make the assumption that you have been performing functions authorized by LSA-R.S. 33:1553, I can give you some assistance. R.S.33:1553 authorizes a justice of the peace to perform such duties of a coroner, as a coroner may request and authorize him to perform. The authorization granted by this statute is only for a justice of the peace. Therefore, if one resigns the office of justice of the peace then, clearly, that individual could no longer be authorized to perform the duties previously assigned to him by the coroner.
Your third question asks whether a justice of the peace who resigns his office may later qualify to run in the special election to fill the position. LSA-R.S. 13:2582(E) and LSA-R.S. 42:39.2 prohibit anyone appointed to fill a vacancy in the office of justice of the peace from qualifying, being elected, or holding the office of justice of the peace. However, so long as a justice of the peace resigns his office and is not thereafter appointed to fill the vacancy created by his prior resignation, we are aware of no prohibition against his running for election to the office when the next regular or special election is held to fill the vacancy.
We are unable to give you a definite answer to your fourth question. I would again refer you to Cannon 7 of the Code Judicial of Conduct. As noted above, Subsection(A)(3), provides that "a judge should resign his office when he become a candidate. . . ." (Emphasis Added). Precisely at what moment or upon the occurrence of what event one becomes a candidate, is not clear. It would seem reasonable to assume that one may become so involved in campaigning as to render oneself a candidate, without taking any formal action. However, it would certainly seem that upon officially qualifying for an office one definitely becomes a candidate. It would appear that this too, is a question which you should address to the Judiciary Commission. I would again urge you to write to the Judiciary Commission for a ruling on your questions one and four.
I believe that the forgoing answers your questions, in so for as we are in position to opine on them. However, if additional information is needed, please do not hesitate to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General